# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * *
STEPHEN HAMEL, parent of          *
K.H., a minor,                    *       No. 11-227V
                                  *       Special Master Christian J. Moran
                Petitioner,       *
                                  *       Filed: June 12, 2013
v.                                *
                                  *
SECRETARY OF HEALTH               *       Attorneys' fees and costs; stipulation of
AND HUMAN SERVICES,               *       fact; award in the amount to which
                                  *       respondent does not object
                Respondent.       *
                                  *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

Ronald Craig Homer, Conway, Homer & Chin-Caplan, P.C.;
Justine Elizabeth Daigneault, U.S. Department of Justice, Washington, DC, for Respondent.

      Respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter on June 10, 2013. Previously, on May 9, 2013, petitioner filed an application for attorneys' fees and costs. During informal discussions, respondent raised objections to certain items in petitioner's application. Based on these discussions, petitioner amended his application to request reimbursement for attorneys' fees and costs in the amount of $77,768.33 for his current counsel, Ronald C. Homer, and $3,975.00 for attorneys' fees and costs incurred by petitioner's former counsel, Robinson & Yablon, P.C. In addition, petitioner personally incurred $7,539.52 in out-of-pocket litigation costs. Respondent does not object to the amended request. The Court awards this amount.

      Petitioner filed his petition on April 11, 2011 and was found to be entitled to compensation on October 25, 2011. Petitioner was awarded compensation based on Proffer on December 19, 2012. Judgment entered on December 28, 2012. Because petitioner received compensation, he is entitled to an award of attorneys' fees and costs. 42 U.S.C. § 300aa-15(e).

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Petitioner seeks a total of **$81,743.33** in attorneys' fees and costs for his former and current counsel. Additionally, in compliance with General Order No. 9, petitioner has shown that he incurred **$7,539.52** in out-of-pocket litigation expenses while pursuing this claim. Respondent has no objection to the amounts requested for attorneys' fees and costs, and petitioners' costs, which total **$89,282.85**.

After reviewing the request, the court awards:

A. **A lump sum payment of $77,768.33 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Ronald C. Homer, for attorneys' fees and costs available under 42 U.S.C. §300aa-15(e);** and

B. **A lump sum lump sum payment of $3,975.00 in the form of a check payable jointly to petitioner and petitioner's former counsel, the firm of Robinson & Yablon, P.C., for attorneys' fees and costs available under 42 U.S.C. §300aa-15(e)**

C. **A lump sum payment of $7,539.52 in the form of a check payable to petitioner for out-of-pocket expenses incurred by petitioner in proceeding on the petition.**

The court thanks the parties for their cooperative efforts in resolving this matter.

The Clerk shall enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.